UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-cv-22024-JLK

REINALDO PEREZ and ZOILA PEREZ,

    Plaintiffs,

v.

BRIT UW LIMITED, THE SOLE SUBSCRIBER TO
POLICY NUMBER BW0172617,

    Defendant.
_____/

## ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on the parties' cross-motions for summary judgment. Plaintiffs' Motion for Partial Summary Judgment was filed May 11, 2020 (DE 34). Defendant's Motion for Summary Judgment was filed September 14, 2020 (DE 65). The Court has also considered the Response and Reply briefs (DE 43, 51, 84), each party's Statement of Material Facts (DE 33 and 66), and the pertinent portions of the record.

By way of background, Plaintiffs Reinaldo Perez and Zoila Perez filed the above-styled action on March 28, 2019, seeking damages from Brit UW for breach of contract.[1] Specifically, Plaintiffs allege that their property sustained a "covered loss" during Hurricane Irma in September of 2017, and that Defendant breached its contractual obligations by failing to issue sufficient payment on Plaintiff's insurance claim. Plaintiffs have moved for partial summary judgment on Defendant's *third* and *ninth* affirmative defenses, respectively. In the *third* affirmative defense, Defendant alleges that the insurance policy is void because Plaintiffs failed to appear at a scheduled examination under oath. In the *ninth* affirmative defense, Defendant

---

[1] Defendant thereafter removed this action to federal court on May 20, 2019. *See* Not. Removal, DE 1.

alleges that the insurance policy is void because Plaintiffs failed to comply with post-loss obligations and provide the insurance company with certain requested documents.

In moving for partial summary judgment, Plaintiffs argue that the insurance company's demand for an EUO was legally defective. In particular, they argue that since the demand letter did not "set" the examination for a specific time, place, and date, Plaintiffs did not forfeit their right to recover under the policy when they "failed to appear" for an examination that was never set in the first place. Further, Plaintiffs argue that the above-described conduct did not result in "prejudice" to Defendant as contemplated under Florida law. Finally, Plaintiffs argue that Defendant waived the post-loss conditions by denying all but a minimal portion of Plaintiffs' claim.

Raising similar issues, Defendant moves for summary judgment on its *third* and *ninth* affirmative defenses, contending that Plaintiffs' failure to comply with post-loss conditions renders the policy void. Further, Defendant argues that Plaintiffs made numerous false statements to Defendant during its investigation of the claim, which voids coverage under the policy. Finally, Defendant argues that Plaintiffs have not furnished enough evidence to show that their damages exceed the policy's deductible.

The arguments presented by each side create issues of fact that must be resolved by the jury at trial, not by the court on summary judgment. For instance, the "question of whether an insured has made a material misrepresentation is a question for the jury to determine." *Lopes v. Allstate Indem. Co.*, 873 So. 2d 344, 347 (Fla. 3d DCA 2004). Likewise, where a defendant alleges noncompliance with post-loss conditions, "if [ ] the insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury." *El Dorado Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 717 F. Supp. 2d 1311, 1318

(S.D. Fla. 2010) (quoting *Coconut Key Homeowners Ass'n, Inc. v. Lexington Ins. Co.*, 649 F. Supp. 2d 1363, 1369 (S.D. Fla. 2009)). The jury will be instructed on the correct legal standards at the charging conference. Summary judgment for both parties should be denied.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiffs Reinaldo Perez and Zoila Perez's Motion for Partial Summary Judgment **(DE 32)** be, and the same is, hereby **DENIED**.

It is further **ORDERED and ADJUDGED** that Defendant Brit UW's Motion for Summary Judgment **(DE 65)** is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 3rd day of March, 2021.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:**   All counsel of record