UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:19-CV-22024

REINALDO PEREZ and ZOILA PEREZ,
Husband and Wife,

    Plaintiffs,

v.

BRIT UW LIMITED, THE SOLE SUBSCRIBER TO POLICY NUMBER BW0172617,

    Defendant.
_____/

## OMNIBUS ORDER

**THIS COURT** held its Final Pretrial Conference Hearing on April 2, 2021. [D.E. 100]. The following pending motions were heard by the Court: (i) Plaintiff's Daubert Motion to Strike and Exclude Defendant's Expert, Steve Mickelson [D.E. 68]; (ii) Defendant Brit UW Limited's Daubert Motion to Exclude Yan Solis as an Expert and Supporting Memorandum of Law [D.E. 69]; and (iii) Defendant Brit UW Limited's Motion for Partial Reconsideration of Court's Amended Order Denying Defendants' Motion for Summary Judgment [D.E. 97].

### I.    BACKGROUND

This case arises from damages to the Plaintiffs' home that were directly caused by Hurricane Irma, which occurred on September 10, 2017. At the time of the loss, the Plaintiffs had an insurance policy with the Defendant Brit UW Limited. This Omnibus Order addresses the motions referenced above.

## II.   LAW AND DISCUSSION

**A.  Plaintiff's Daubert Motion to Strike and Exclude Defendant's Expert, Steve Mickelson [D.E. 68]**

For the reasons stated on the record, Plaintiff's Daubert Motion to Strike and Exclude Defendant's Expert, Steve Mickelson [D.E. 68] is DENIED.

**B.  Defendant Brit UW Limited's Daubert Motion to Exclude Yan Solis as an Expert and Supporting Memorandum of Law [D.E. 69]**

For the reasons stated on the record, Defendant Brit UW Limited's Daubert Motion to Exclude Yan Solis as an Expert and Supporting Memorandum of Law [D.E. 69] is DENIED.

**C.  Defendant Brit UW Limited's Motion for Partial Reconsideration of Court's Amended Order Denying Defendants' Motion for Summary Judgment [D.E. 97]**

The Defendant Brit UW Limited argued that the Court's prior Order Denying its Motion for Summary Judgment [D.E. 97] failed to address its argument that due to the Plaintiff's alleged failure to provide an "Actual Cash Value" of its damages, the Plaintiff's action fails to present an issue of fact for the Jury to determine.[1]

The Court finds this argument unavailing and the Court is not required to articulate each and every reason for the Denial the Defendant's Motion for Summary Judgment.  However, for clarification the Court will set forth why the Defendant's Motion for Summary Judgment as to the Plaintiffs alleged failure to provide the "Actual Cash Value" of its damages is unsupported by the facts and the law.

---

[1] The Court has considered Plaintiffs' Response In Opposition To Defendant Brit UW Limited's Motion For Partial Reconsideration of The Court's Amended Order Denying Defendants' Motion For Summary Judgment. [D.E. 99].  As indicated in the Plaintiffs' Statement of Material Facts In Opposition To Defendant's Local Rule 56.1 (a) Statement Of Material Facts at paragraphs 54 and 55, Mr. Brizuela's estimate has a category for each item labeled RCV and ACV. [D.E. 83 at ¶54-55].

First, the Plaintiffs' did not receive any monies from the Defendant for any of its damages resulting from Hurricane Irma and therefore, could not have provided proof that the "Actual Cash Value" of it damages were used before seeking additional monies from the Defendant.

Second, as set forth in the Plaintiffs Complaint and in its opposition to the Defendants Motion for Summary Judgement.  The Defendant denied a majority of the Plaintiffs damages claiming that they pre-existed and therefore, were not covered under the insurance policy.  This clearly is a question of fact that must be resolved by the Jury.  If the Plaintiffs are correct then the Defendant would be in Breach of its Insurance Contract and all damages resulting from said breach would be compensable.  The simple fact that the contract at issue in this case is an insurance policy does not change the principles of damages in contract law.

Furthermore, based on the competing estimates of damages, it is clear that the Defendant is taking the position that only a small fraction of the damages resulting from Hurricane Irma are covered under the insurance policy.  Therefore, the determination of what amount is necessary to put the Plaintiffs home in its pre-loss condition is a question of fact for the Jury.  *Citizens Prop. Ins. Corp. v. Tio*, 304 So. 3d 1278, 1280 (Fla. 3d DCA 2020), review denied, SC20-959, 2020 WL 7230480 (Fla. Dec. 8, 2020) ("Section 627.7011(3), however, governs an insurer's post-loss obligations in adjusting and settling claims covered by a replacement cost policy, and does not operate as a limitation on a policyholder's remedies for an insurer's breach of an insurance contract."   *D.R. Mead & Co. v. Cheshire of Florida, Inc.,* 489 So.2d 830, 832 (Fla.   3d   DCA 1986) ("Without detailing the evidence submitted on both sides of the damages issue, we find that the actual cash value of the contents destroyed by fire was entirely for the jury to determine.") (emphasis supplied).

Accordingly, based on the foregoing reasons, Defendant's Motion for Partial Reconsideration is DENIED.

### III.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** Plaintiff's Daubert Motion to Strike and Exclude Defendant's Expert, Steve Mickelson [D.E. 68] is **DENIED**.  It is further

**ORDERED AND ADJUDGED** Defendant Brit UW Limited's Daubert Motion to Exclude Yan Solis as an Expert and Supporting Memorandum of Law [D.E. 69] is **DENIED**. It is further

**ORDERED AND ADJUDGED** Defendant Brit UW Limited's Motion for Partial Reconsideration of Court's Amended Order Denying Defendants' Motion for Summary Judgment [D.E. 97] is **DENIED.**

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Miami-Dade County, Florida on this 13th day of April, 2021.

_____
THE HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc: All counsel of Record**